Rudy J. Bautista (8636)
BAUTISTA & CAMPBELL, PC
250 East 200 South, Suite 330
Salt Lake City, UT 84111
Telephone: (801) 232-5311
Email: rudy@boslaw.com

Attorney for Defendant

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| UNITED STATES OF AMERICA, | FORMAL REQUEST FOR DISCOVERY PURSUANT TO RULE 16 OF THE FEDERAL RULES OF CRIMINAL PROCEDURE |
|---|---|
| Plaintiff, | |
| vs. | |
| MARCEL MALU MALANGA, | Case No. 2:25-MJ-000346-DBP-1 |
| Defendant. | |

Defendant, Marcel Malanga, by and through his attorney of record, Rudy J. Bautista, pursuant to Rules 16 of the Federal Rules of Criminal Procedure and the Due Process Clause of the United States Constitution, hereby requests that copies of the following materials be provided to Defense Counsel within five (5) days of his Initial Appearance set for the matter, and continuing throughout the litigation of this case as is required by Federal Rules of Criminal Procedure 16(c).

1. Any evidence which tends to negate the guilt of the defendant, or mitigate the

guilt of the defendant or mitigate the degree of the offense that has been discovered by an member of the agencies involved in the investigation or prosecution of the above-entitled case. See, Brady v. Maryland, 373 U.S. 83 (1963); and Federal Rule of Criminal Procedure 16(a) and (b).

      2.   All evidence that has been discovered by any member of the agencies involved in the investigation or prosecution that tends to inculpate the defendant.

      3.   A list of all law enforcement and/or civilian personnel including badge or identification number, telephone and address who initially responded in the above-entitled matter.

      4.   A list of all medical personnel including telephone and address involved in the above-entitled matter.

      5.   All police or investigative reports, follow-up investigation reports, daily logs, surveillance logs, property reports, chronology notes and any other written materials in the possession of any individual or agency involved in the prosecution of this case pertaining to the above-entitled matter; including handwritten notes, whether or not those notes have formed the basis for a typed report.

      6.   All field interview cards used to identify any individual(s) involved in the above-captioned matter.

      7.   All information, notices or written memoranda disseminated during law

enforcement roll calls, or personally relayed between law enforcement offices regarding any surveillance, search warrant executions, the arrest and any other matter pertaining to the investigation of this case.

8. Any training certificates or specialized certifications received by any law enforcement officer involved in the above-captioned matter.

9. Any reports made by non-governmental agencies involved in the investigation of this case including reports made by any security personnel or any other agencies involved, including the reports made by the alleged victim.

10. A list of all witnesses that the prosecution intends to call for trial in the above entitled matter, their addresses, telephone numbers and the adult and juvenile criminal records. See, Davis v. Alaska, 415 U.S. 308 (1974).

11. Any offers of leniency or plea bargain agreements or any other form of remuneration provided to any of the witnesses listed in number #10 above. See Giglio v. United States.

12. The content of any statement(s) made by members of any government entity, to the defendant, or to any alleged witness, victim or suspect, or to anyone else in the defendant=s presence (a) which were made in order to encourage the defendant to cooperate with aforementioned entities and/or which might reasonably be expected to have the effect of encouraging the defendant to cooperate.

13. Copy of the booking sheet, booking photograph and rap sheet of the defendant, if any.

14. All written or recorded statements of the defendant(s) or witnesses interviewed during the investigation and/or prosecution of this case, as well as, transcripts or reports about those statements in possession of any member or group involved in the prosecution of the investigation of the above-entitled case.

15. All video and/or audio recordings and transcripts of those recordings prepared in conjunction with the prosecution of this case in the possession of any law enforcement or governmental agency.

16. All statements of any person which were shown, read, played or paraphrased the defendant, or to any alleged witness, victim or suspect during any interviews, interrogations, visits, and/or phone conversations.

17. Copies of all recordings and/or transcripts of any 911 calls pertaining to this matter.

18. Identify by name, address, telephone number and bade number, the 911 operators/dispatch officers who responded to 911 calls, if any, pertaining to this case, and produce any police reports, officer notes or documentation pertaining thereto.

19. Copies of all recordings and/or transcripts of any communications, including dispatch calls from law enforcement, fire department or any other civilian agency pertaining to the above-entitled case.

20. Statements made by the defendant to any of the State's witnesses and the dates, times, places and persons when such statements were made.

21. Specify date, time and substance, any and all further contact between any

investigating officer and any defendant, co-defendant, or witness in the above-captioned matter.

22. Duplicates of all photographs, contact sheets from said photographs, digital photographs, drawings, diagrams, and video tapes pertaining to this case in the possession of any law enforcement or government agency regardless of whether or not intended those images are to be used by the prosecution at the time of trial.

23. Fully describe, by make, model, color, dimensions, and service history any camera, digital camera, or video camera used in the creations of items referenced in request 22.

24. Identify all clothing, including undergarments, of any alleged witness, victim, suspect or the defendant that was booked into evidence in this case.

25. Any physical evidence taken from the defendant, any co-defendant, and/or the alleged crime scene in the above-entitled case and any reports pertaining thereto. See Federal Rule of Criminal Procedure 16(e).

26. For each piece of physical evidence identified in request no. 25, please specify: a. The present location of the name, address and phone number of the present custodian of said evidence, b. Any reports or raw notes describing any of the physical evidence set forth above, c. the name, address and phone number of each person to whom any of the physical evidence in this case submitted for analysis including, but limited to all criminilists, forensic reports, DNA experts, handwriting experts, psychologists, etc.

27. Any and all documents regarding the chain of custody of any physical evidence

from request 25 including, but not limited to, a description of the method of packaging and handling of the evidence at the time of recovery, at the time of booking it into evidence and at the time of submitting for analysis.

28. Any and all documentation regarding consent by interested parties to secure any physical evidence from request 25.

29. All officer notes, police reports and any other documentation pertaining to any requests(s) for laboratory analysis or any other scientific testing of physical evidence in the above-captioned case.

30. Any tests, test results, chemical analysis, or any other scientific evidence and its attendant reports/analysis pertaining to this case in the possession of any law enforcement or governmental agency including handwritten notes made by the technician even if not utilized in the making of the final report.

31. Pursuant to Federal Rule of Evidence 404(b), notice by the prosecution of any other crimes, wrongs or acts it intends to use in its prosecution of this case, and a list of exhibits, and names of addresses of witnesses to use to introduce evidence of other crimes, wrongs or acts.

DATED this 15th day of April, 2025.

                                                 /s/ Rudy J. Bautista
                                                Rudy J. Bautista
                                                Attorney for Mr. Malanga

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 15th day of April, 2025, I electronically filed the foregoing Request for Discovery with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to the following:

> Mr. Bryan R. Whittaker
> United States Attorney's Office
> 111 S Main Street, Suite 1800
> Salt Lake City, UT 84111
> Email: bryan.whittaker@usdoj.gov
>
> Mr. Jonathan Stowers
> United States Attorney's Office
> 111 S Main Street, Suite 1800
> Salt Lake City, UT 84111
> Email: Jonathan.stowers@usdoj.gov
>
> Ms. Tanya Senanayake
> United States Department of Justice
> 950 Pennsylvania Ave
> Washington, DC 20530-0001
> Email: tany.senanayake@usdoj.gov

_____/s/ Julie Sorensen_